IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANDRENELL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-00544-DGK |
| | ) |
| BAKER NORTON U.S., INC. f/k/a | ) |
| Baker Norton Pharmaceuticals, Inc.; et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO STAY

This lawsuit arises from allegations that the prescription medication Elmiron, the only oral prescription medication approved by the FDA for the relief of bladder pain associated with interstitial cystitis, causes a variety of ophthalmological issues. Now before the Court is Defendants unopposed Motion to Stay (Doc. 39) pending a decision to transfer all Elmiron cases pending in federal court around the country, including this one, to the District of New Jersey for centralized multidistrict litigation proceedings.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (holding district court has the "inherent power" to stay litigation "to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it"). A stay should be entered only where it is a proper exercise of the court's discretion, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and the proponent of the stay bears the burden of establishing the need for a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In determining whether to grant a motion to stay where an MDL transfer

is pending, a federal court balances three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Buie v. Blue Cross & Blue Shield of Kansas City, Inc.*, No. 05-0534-CV-W-FJG, 2005 WL 2218461, at *1 (W.D. Mo. Sept. 13, 2005).

The Court finds Plaintiff will not be prejudiced if the stay is granted, but judicial resources will be saved by avoiding duplicative litigation if the cases are in fact consolidated. Accordingly, the motion to stay is GRANTED.

If this case is not transferred for centralized multidistrict proceedings, Plaintiffs shall have thirty days once the stay is lifted to answer Defendants' pending motions to dismiss (Docs. 13, 35).

**IT IS SO ORDERED.**

Date:   September 28, 2020                     /s/ Greg Kays
                                               GREG KAYS, JUDGE
                                               UNITED STATES DISTRICT COURT